JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

**B-01-058**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Rafael Gonzalez-Noyola

## DEFENDANTS

E.M. Trominski & John Ashcroft

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lisa Brodyaga & Thelma Garcia
17891 Landrum Pk Rd    301 E Madison
San Benito Tx 78586    Harlingen Tx 78550
(956) 421 3226         (956) 435-3701

ATTORNEYS (IF KNOWN)

Lisa Putnam, SAUSA
PO Box 1711
Harlingen Tx 78551

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 2241 & 1651 Habeas corpus to seek review of mandatory detention provisions of 8 USC 1226(c).

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| **PERSONAL INJURY** | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 362 Personal Injury—Med Malpractice | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 365 Personal Injury—Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 891 Agricultural Acts |
| ☐ 368 Asbestos Personal Injury Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 892 Economic Stabilization Act |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 160 Stockholders' Suits | ☐ 370 Other Fraud | | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
| ☐ 190 Other Contract | ☐ 371 Truth in Lending | | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| ☐ 195 Contract Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| **REAL PROPERTY** | ☐ 385 Property Damage Product Liability | | ☐ 864 SSID Title XVI | |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☒ 530 General | ☐ 791 Empl Ret Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Other | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE: 4/16/01

SIGNATURE OF ATTORNEY OF RECORD: Lisa S. Brodyaga

**UNITED STATES DISTRICT COURT**

United States District Court
Southern District of Texas
FILED

APR 1 6 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RAFAEL GONZALEZ-NOYOLA, )
)
v. ) C.A. No. B-01-058
)
E.M. TROMINSKI, INS DISTRICT )
    DIRECTOR, and )
JOHN ASHCROFT, UNITED STATES )
    ATTORNEY GENERAL. )
_____)

PETITION FOR WRIT OF HABEAS CORPUS,
APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND/OR MOTION FOR A PRELIMINARY INJUNCTION.

Comes Rafael Gonzalez-Noyola, and files the instant Petition for Writ of Habeas Corpus, under 28 U.S.C. §§2241, and 1651, and the Suspension Clause of the United States Constitution. He alleges that he is being held in custody by Respondents in violation of the laws and the Constitution of the United States, and seeks immediate release from this unlawful custody. He urges that: (1) as applied herein, the "mandatory detention" provisions of 8 U.S.C. §1226(c), coupled with the "automatic stay" provisions of 8 C.F.R. §3.19(i)(2), violate substantive and procedural Due Process, and deprive him of the Equal Protection of the laws. *See, for example, Juarez-Vasquez v. Holmes*, 2000 WL 1705775 (E.D.Pa.2000), and *Tiv v. Reno*, 2000 WL 246252 (N.D.Ill.2000).

I. THE FACTS

1. Petitioner Rafael Gonzalez-Noyola is a native and citizen of Mexico, who entered the United States as a lawful permanent resident on or about November 6, 1982. On February 24, 1999, he was convicted of the offense of (simple) possession of cocaine,

which offense was committed on or about August 4, 1998. At the time of this conviction, Mr. Gonzalez was on probation, under "deferred adjudication," for the offense of (simple) possession of marijuana. As a result of the cocaine conviction, probation was revoked, guilt was adjudicated, and he was remanded into custody to serve a two-year sentence for these offenses.

2. Also a result of the cocaine conviction, an NTA was issued, alleging deportability on the basis of §237(a)(2)(B)(i) of the Act, 8 U.S.C. §1227(a)(2)(B)(i), for having been convicted of an offense relating to a controlled substance.

3. At his removal hearing, on December 7, 1999, in Huntsville, Texas, Mr. Gonzalez admitted that he was removable as charged, and sought relief under Section 240a of the Act, (8 U.S.C. §1229b(a)), cancellation of removal for lawful permanent residents, the successor provision to the former §212(c). However, the Immigration Judge ruled that his cocaine conviction constituted an "aggravated felony," rendering him ineligible for any form of relief, and ordered him deported. Mr. Gonzalez appealed.

4. Shortly thereafter, Mr. Gonzalez completed his sentence for the criminal offenses, and was transferred to the custody of INS.

3. On September 29, 2000, the BIA dismissed Mr. Gonzalez' appeal, concluding that the cocaine offense constituted an aggravated felony, and that he was therefore ineligible for cancellation of removal. However, on December 8, 2000, the Board granted Mr. Gonzalez' motion to reconsider. The Board held that Mr. Gonzalez had **not** been convicted of an aggravated felony, and that he was eligible for cancellation of removal. The case was therefore remanded to the Immigration Judge, for the purpose of permitting

2

him to apply for such relief. Following a change of venue to the Harlingen district, where Mr. Gonzalez' family resides, he was transferred to the custody of Respondent Trominski, and detained at Bayview, Texas, where he remains in detention at this time.

4. Following a hearing on the merits of Mr. Gonzalez' application for cancellation of removal, Immigration Judge David Ayala found that he merited such relief in the exercise of discretion, and terminated removal proceedings. He also ordered that Mr. Gonzalez be released on his own recognizance. INS filed a notice of intent to appeal, under 8 C.F.R. §3.19(i)(2), and refused to release Mr. Gonzalez as ordered by the Immigration Judge during the pendency of their appeals, which will last many months, if not years.

5. INS has justified its refusal to release Mr. Gonzalez pending appeal on the basis of the "mandatory detention" provisions of §236(c) of the Act, 8 U.S.C. §1226(c), claiming that they lack the authority to do so, notwithstanding that Mr. Gonzalez is a lawful permanent resident, and that the Immigration Judge has ordered that removal proceedings be terminated.

6. However, INS has granted conditional release to other lawful permanent residents granted cancellation of removal by Immigration Judges, during the pendency of INS' appeals. *See, for example, Tiv et al v. Reno*, 2000 WL 246252 (N.D.Ill.) (February 24, 2000), at *3 (Petitioner Mireles, an LPR held pursuant to mandatory detention, and granted cancellation of removal by an Immigration Judge, was released, under reporting conditions, while INS appealed IJ's ruling that he had not been convicted of an aggravated felony).[1]

---

[1] Ironically, another Petitioner in that case, Vang, was also released by INS under supervision, while he appealed the Immigration Judge's ruling that he was **ineligible** for any relief

3

## II. THE PARTIES

6. Petitioner is a native and citizen of Mexico, and a lawful permanent resident of the United States. He is currently detained at Bayview, Texas, within the jurisdiction of this Court.

7. Respondent E.M. Trominski, is the District Director of INS, Harlingen, Texas. Respondent John Ashcroft is the Attorney General of the United States.

## III. JURISDICTION

8. Jurisdiction is laid under 28 U.S.C. §§2241, and 1651, and, if required, directly under the Suspension Clause of the Constitution.

## IV. ENTITLEMENT TO PRELIMINARY RELIEF

10. To be eligible for temporary relief, Petitioner must make certain showings. As recently reiterated in *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047 (5th Cir. 1997), preliminary relief should only be granted if the movant demonstrates substantial likelihood of success on the merits, substantial threat of irreparable harm if such relief is not granted, that the threatened injury outweighs any harm that may result to the opposing party, and that such an action will not undermine the public interest. *See also*, F.R.Civ.Proc. 65.

11. These criteria are met herein. As more fully set forth in the

---

from deportation. Yet INS refuses to release Mr. Gonzalez, under bond or any other set of conditions, during the pendency of INS' *appeals* from the orders of the Immigration Judge. This, it is submitted, is a blatant violation of Equal Protection.

4

accompanying Points and Authorities, Petitioner has an excellent chance of success on the merits. He has clearly been denied Equal Protection, where INS has released similarly situated LPRs in other cases, while disclaiming authority to release him. Moreover, the vast majority of district courts to examine the mandatory detention provisions have found them to violate substantive Due Process as applied to lawful permanent residents. And in no known case has a district court sustained mandatory detention of a lawful permanent resident, during the pendency of INS' appeals, where the resident had been granted relief by an Immigration Judge. Furthermore, Petitioner's detention, without bond, has caused, and will continue to cause, irreparable harm, to himself, and to his family. The harm grows on a daily basis, and is irreparable, in that there is no means of retroactively restoring the time that he has spent in unlawful detention. The harm to Petitioner far outweighs any harm to Respondents, or danger to the public, from his release.

V.  PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Court issue a Temporary Restraining Order, and/or preliminary injunction, restraining and enjoining Respondents from not complying with the Order of the Immigration Judge that Petitioner be forthwith released on his own recognizance, under reporting conditions, as occurred in the case of Petitioner Mireles in *Tiv et al v. Reno*, *supra*. It is also requested that the Court grant such other and further relief as the Court may consider appropriate.

Respectfully Submitted,

*[signature]*

5

Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
Texas Bar:  03052800
Fed. I.D. 1178

and

*Thelma Garcia by* [signature]

Thelma O. Garcia, Attorney at Law
301 E. Madison
Harlingen, Texas 78550
(956) 425-3701

## VERIFICATION

I, Lisa S. Brodyaga, certify that I am familiar with the facts as stated above, and that they are true and correct to the best of my knowledge and belief.

[signature]

## CERTIFICATE OF SERVICE

I hereby certify that a courtesy copy of the foregoing was personally delivered to the Office of the United States Attorney, Attention Lisa Putnam, SAUSA, or Nancy Masso, AUSA, 600 E. Harrison, Brownsville, Texas, this 16th day of April, 2001.

[signature]

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

Rafael Gonzalez-Noyola

v.

E.M. Trominski, INS District Director and
John Ashcroft, US Attorney General

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: B-01-058

TO: (Name and Address of Defendant)

E.M. Trominski
2102 Teege
Harlingen, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Brodyaga, Attorney

Refugio Del Rio Grande
17891 Landrum Park Road
San Benito, TX 78586

an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk
CLERK

DATE: April 16, 2001

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

__Southern__ DISTRICT OF __Texas__

Rafael Gonzalez-Noyola

v.

E.M. Trominski, INS District Director, and John Ashcroft, U.S. Attorney General

SUMMONS IN A CIVIL ACTION

CASE NUMBER: B-01-058

TO: (Name and Address of Defendant)

John Ashcroft

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within __60__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

BY DEPUTY CLERK

DATE April 16, 2001

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

**Southern** DISTRICT OF **Texas**

Rafael Gonzalez-Noyola

v.

E.M. Trominski, INS District Director, and John Ashcroft, US Attorney General

SUMMONS IN A CIVIL ACTION

CASE NUMBER: **B-01-058**

TO: (Name and Address of Defendant)

US Attorney
PO Box 61129
Houston TX 77208

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within **60** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N Milby, Clerk
CLERK

DATE April 16, 2001

BY DEPUTY CLERK