3

United States District Court
Southern District of Texas
FILED

APR 1 6 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RAFAEL GONZALEZ-NOYOLA,          )
                                 )
v.                               )      C.A. No.  **B-01-058**
                                 )
E.M. TROMINSKI, INS DISTRICT     )
     DIRECTOR, and               )
JOHN ASHCROFT, UNITED STATES     )
     ATTORNEY GENERAL.           )
_____  )


PETITIONER'S EXHIBITS, IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS,
APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND/OR MOTION FOR A PRELIMINARY INJUNCTION.


1.  Decision of the Board of Immigration Appeals, dated December 8, 2000, concluding that Petitioner had not been convicted of an aggravated felony, and remanding for a hearing on his application for cancellation of removal;


2.  Order of Immigration Judge David Ayala, granting cancellation of removal, and ordering that proceedings be terminated; and


3.  Order of Immigration Judge David Ayala that Petitioner be released on his own recognizance.


Respectfully Submitted,

_Lisa S. Brodyaga_

Lisa S. Brodyaga,                and        Thelma O. Garcia,
Attorney at Law                             Attorney at Law
17891 Landrum Park Road                     301 E. Madison
San Benito, TX 78586                        Harlingen, TX 78550
(956) 421-3226                              (956) 425-3701
Texas Bar:  03052800                        Texas Bar:
Fed. I.D. 1178                              Federal ID:


## CERTIFICATE OF SERVICE

I hereby certify that courtesy copies of the foregoing, and of the
accompanying exhibits, were personally delivered to the Office of
the United States Attorney, Attention Lisa Putnam, SAUSA, or Nancy
Masso, AUSA, 600 E. Harrison, Brownsville, Texas, this 16th day of
April, 2001.



CMPDF - www.fasiss.com

Case 1:01-cv-00058 Document 3 Filed in TXSD on 04/16/2001 Page 3 of 22

**U.S. Department of Justice**                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:    A37 831 565 - Huntsville          Date:    DEC - 8 2000

In re:  RAFAEL J. GONZALEZ-NOYOLA a.k.a. Rafael de Jesus Gonzales

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:    Lisa S. Brodyaga, Esquire

ON BEHALF OF SERVICE:    John W. McPhail
                          Assistant District Counsel

CHARGE:

   Notice:  Sec.    237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
                    Convicted of controlled substance violation

APPLICATION:  Reconsideration


     This case was last before the Board of Immigration Appeals on September 29, 2000, when we dismissed the respondent's appeal. The respondent filed a timely motion to reconsider that decision, asserting that he has not been convicted of an aggravated felony, and that he therefore is eligible to apply for cancellation of removal under section 240A(a) of the Immigration and Nationality Act. 8 U.S.C. § 1229b(a). The respondent's motion to reconsider will be granted, his appeal will be sustained in part, and the record will be remanded.

     A motion to reconsider asserts that at the time of the Board's previous decision an error was made. It questions the Board's decision for alleged errors in appraising the facts and the law. *Matter of Cerna*, 20 I&N Dec. 399, 400 (BIA 1991), *aff'd*, 979 F.2d 212 (11th Cir. 1992) (table case). The respondent's motion to reconsider asserts that this Board erred in our earlier decision in finding that his two possession of controlled substances convictions constituted an aggravated felony rendering him ineligible for cancellation of removal. We have previously held that an alien convicted of unlawful possession of a controlled substance, where the offense is committed after a prior drug possession conviction, is punishable under federal law at 18 U.S.C. § 844(a) by a term of imprisonment of up to 2 years, and is therefore an aggravated felony as defined in section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B). *Matter of Davis*, 20 I&N Dec. 536 (BIA 1992). Subsequently, we held that even where an alien is convicted of a second state-law misdemeanor unlawful possession of a controlled substance violation, where the offense is committed after a prior drug possession conviction, it constitutes an aggravated felony under section 101(a)(43)(B) of the Act because that alien's convictions are analogous to a federal felony under 18 U.S.C. § 844(a). *Matter of K-V-D-*, Interim Decision 3422 (BIA 1999); *Matter of L-G-*, 21 I&N Dec. 89 (BIA 1995).

CMPDF - www.texto.com

A37 831 565

The respondent, in his motion to reconsider, argues that he has not been convicted of a aggravated felony because his later unlawful possession of a controlled substance conviction was not committed after a prior drug possession conviction.

The facts of the respondent's convictions are not in dispute. On November 17, 1997, the respondent was granted deferred adjudication under article 42.12, § 5 of the Texas Code of Criminal Procedure for the offense of possession of marijuana. Through that deferred adjudication, the respondent was placed on 5 years probation. On or about August 4, 1998, the respondent committed the offense of possession of a controlled substance, to wit: cocaine. Through the commission of that offense, the respondent violated the terms of his probation, and, on November 2, 1998, the State of Texas moved to adjudicate guilt and sentence the respondent for the earlier possession of marijuana offense. On February 24, 1999, the respondent was convicted of the August 1998 cocaine possession offense, and states that to the best of his knowledge and belief that at the same time his guilt was adjudicated for the earlier marijuana offense. Respondent's Brief at 2. The respondent argues in his motion that because of the deferred adjudication, his conviction for the first unlawful possession of a controlled substance offense did not occur until after he committed the possession of cocaine offense and therefore he has not been convicted of an aggravated felony.

In *Matter of Punu*, Interim Decision 3364 (BIA 1998), we held that a deferred adjudication under article 42.12, § 5 of the Texas Code of Criminal Procedure is a conviction for immigration purposes. In reaching that conclusion, we noted that Congress had specifically amended the Act, through section 322 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-628 ("IIRIRA"), to include a definition of the term "conviction" at section 101(a)(48)(A) of the Act, 8 U.S.C. § 1108(a)(48)(A).[1] Prior to the implementation of the IIRIRA and the inclusion of section 101(a)(48)(A) of the Act, we defined the term conviction for immigration purposes in *Matter of Ozkok*, 19 I&N Dec. 546 (BIA 1988), finding that a conviction exists where an alien has a formal judgment of guilt entered by a court, or, if adjudication of guilt has been withheld, where the following three-pronged test is met: (1) a judge or jury has found the alien guilty or he has entered a plea of nolo contendere or has admitted

---

[1] Section 101(a)(48)(A) of the Act provides as follows:

The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—

(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

CVisPDF - www.verisk.com

A37 831 565

sufficient facts to warrant a finding of guilty; (2) the judge has ordered some form of punishment, penalty, or restraint on the person's liberty to be imposed; and (3) a judgment or adjudication of guilty may be entered if the person violated terms of his probation or fails to comply with the requirements of the court's order, without availability of further proceedings regarding his guilt or innocence of the original charge. In defining the term "conviction" at section 101(a)(48)(A) of the Act, Congress abolished the requirement that an adjudication be "final." *Matter of Punu, supra,* at 4. In enacting section 101(a)(48)(A) of the Act, Congress broadened the definition of "conviction" for immigration law purposes for aliens who have admitted or been found to have committed crimes so as to make it easier to remove such criminal aliens regardless of specific procedures in States for deferred adjudications. *Id.* at 6 (*citing* H.R. Rep. No. 104-879 (1997), *available in* 1997 WL 9288 at *295).

While Congress removed the finality requirement for a conviction for immigration purposes at section 101(a)(48)(A) of the Act, the requirement of a final conviction was not removed from 21 U.S.C. § 844(a). The statute at 21 U.S.C. § 844(a) provides, in pertinent part, that

> [i]t shall be unlawful for any person knowingly to possess a controlled substance . . . . Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, . . . except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug, narcotic or chemical, offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years. . . .

As previously noted, we have held that an alien convicted of an unlawful possession of a controlled substance offense that was committed following his conviction for an earlier unlawful possession of a controlled substance violation is removable as an aggravated felon under section 101(a)(43)(B) of the Act because the later conviction is analogous to a federal law felony under 21 U.S.C. § 844(a). The respondent argues in his motion that pursuant to Texas law his deferred adjudication did not become a final conviction until after he committed the possession of cocaine offense and that therefore he would not be subject to the enhanced sentencing provisions of 21 U.S.C. § 844(a) and his subsequent conviction would not be analogous to a federal law felony. We agree and will therefore grant the respondent's motion to reconsider.

In order for the enhanced penalty requirements of 21 U.S.C. § 844(a) to apply to a possession of controlled substance conviction, it is necessary for the later offense to have been committed after an earlier conviction is final. That enhanced penalty provision is necessary for a conviction under 21 U.S.C. § 844(a) to be considered a felony. Therefore, in order for the respondent's possession of cocaine conviction to be analogous to a federal law felony under 21 U.S.C. § 844(a), it had to have been committed after his previous conviction for possession of marijuana had become final. The United States Court of Appeals for the Fifth Circuit, the circuit in which this case arises, has

3

CIMPDF - www.texiu.com

A37 831 565

found that a conviction becomes final, for purposes of imposing an enhanced sentence for drug offenses based on a prior final drug felony conviction, when it is no longer subject to examination on direct appeal. *United States v. Puig-Infante*, 19 F.3d 929, 947-48 (5th Cir. 1994). Under this definition of finality, a deferred adjudication would not be considered a final conviction because the applicable Texas statute provides that where a defendant has received a deferred adjudication and subsequently violates its terms, the State may move for the adjudication of guilt, following which "all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred." Tex. Crim. P. Code Ann. art. 42.12, § 5(b). The statutory scheme for deferred adjudications in Texas provides for appeal rights following the adjudication of guilt, therefore such a conviction would not be considered final under *United States v. Puig-Infante, supra*, until after that right to appeal had expired. The respondent committed the possession of cocaine offense on or about August 4, 1998, prior to the State of Texas moving to adjudicate his guilt for the possession of marijuana offense. It is clear that the respondent's conviction for possession of marijuana was not final under *United States v. Puig-Infante, supra*, at the time he committed the possession of cocaine offense. As the later offense was not committed subsequent to the respondent's conviction for possession of marijuana becoming final, it would not be subject to the enhanced sentencing provisions of 21 U.S.C. § 844(a) and it is therefore not analogous to a federal law felony under that statute. As the respondent's conviction is not analogous to a federal law felony, it does not constitute a drug trafficking aggravated felony under section 101(a)(43)(B) of the Act. *See Matter of K-V-D-, supra; Matter of L-G-, supra.*

The respondent asserts in his motion to reconsider that we erred in our previous decision in finding that he had been convicted of an aggravated felony and was therefore ineligible for cancellation of removal. For the foregoing reasons, we find that the respondent's arguments in his motion to reconsider are well founded, and therefore that motion to reconsider will be granted and our September 29, 2000, decision will be vacated. The respondent remains removable from the United States under section 237(a)(2)(B)(i) of the Act, 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a controlled substance violation. However, as he has not been convicted of an aggravated felony he is not statutorily barred from receiving cancellation of removal under section 240A(a) of the Act. The respondent's requests on appeal that we reverse the Immigration Judge's finding that he had been convicted of an aggravated felony and remand the record to the Immigration Judge to permit the respondent to apply for cancellation of removal will be sustained. As the respondent has not been convicted of an aggravated felony and is therefore not barred from receiving cancellation of removal, his appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings to permit the respondent to apply for cancellation of removal.

ORDER:    The respondent's motion to reconsider is granted, and our decision dated September 29, 2000, is vacated.

A37 831 565

FURTHER ORDER:   The respondent's appeal is sustained.

FURTHER ORDER:   The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

FOR THE BOARD

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

===================================================================

File:     A37 831 565 - Huntsville                    Date:   October 31, 2000

In re:    RAFAEL GONZALEZ-NOYOLA

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:        Lisa S. Brodyaga, Esquire
                                Refugio Del Rio Grande
                                17891 Landrum Park Road
                                San Benito, Texas 78586

APPLICATION:    Stay of removal


    Counsel for the respondent has applied for a stay of removal pending consideration by the Board

of a motion to reconsider.  After consideration of all information, the Board has concluded that the

stay will be granted.


    ORDER:   The request for stay of removal is granted.




_____
                FOR THE BOARD

IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX  78550

In the Matter of

                        Case No. : A37-861-529

AS-GONZALEZ NOYOLA, RAFAEL J.
     Respondent             IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jan 24, 2001.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.
[  ]  The respondent was ordered removed from the United States to
                                  or in the alternative to
[  ]  Respondent's application for voluntary departure was denied and
      respondent was ordered removed to
      alternative to
[  ]  Respondent's application for voluntary departure was granted until
          upon posting a bond in the amount of $ _____
      with an alternate order of removal to
[  ]  Respondent's application for asylum was ( )granted ( )denied
      ( )withdrawn.
[  ]  Respondent's application for withholding of removal was ( )granted
      ( )denied ( )withdrawn.
[X]  Respondent's application for cancellation of removal under section
      240A(a) was (X)granted ( )denied ( )withdrawn.
[  ]  Respondent's application for cancellation of removal was ( ) granted
      under section 240A(b)(1;  ( ) granted under section 240A(b)(2)
      ( ) denied ( ) withdrawn. If granted, it was ordered that the
      respondent be issued all appropriate documents necessary to give
      effect to this order.
[  ]  Respondent's application for a waiver under section _____ of the INA was
      ( )granted ( )denied ( )withdrawn or ( )other
[  ]  Respondent's application for adjustment of status under section _____
      of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
      was ordered that respondent be issued all appropriate documents necessary
      to give effect to this order.
[  ]  Respondent's status was rescinded under section 246.
[  ]  Respondent is admitted to the United States as a _____ until _____.
[  ]  As a condition of admission, respondent is to post a $ _____ bond.
[  ]  Respondent knowingly filed a frivolous asylum application after proper
      notice.
[  ]  Respondent was advised of the limitation on discretionary relief for
      failure to appear as ordered in the Immigration Judge's oral decision.
[  ]  Proceedings were terminated.
[  ]  Other
      Date: Jan 24, 2001
      Appeal: Waived/Reserved  Appeal Due By: Feb 23, 2001

                                    DAVID AYALA
                                    Immigration Judge

GPI

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
HARLINGEN, TX

FILE: A37-831-565

IN THE MATTER OF:

+S-GONZALEZ NOYOLA, RAFAEL J.

RESPONDENT

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE
WITH RESPECT TO CUSTODY


Request having been made for a change in the custody status of
respondent pursuant to 8 CFR 236.1(c), and full consideration
having been given to the representations of the Immigration and
Naturalization Service and the respondent, it is hereby

_____  ORDERED that the request for a change in custody status be
        denied.

        ORDERED that the request be granted and that respondent be:

☒       released from custody on his own recognizance

_____  released from custody under bond of $ _____

_____  OTHER   _____


Copy of this decision has been served on the respondent and the
Service.

APPEAL:  waived -- reserved

LOS FRESNOS -- PORT ISABEL SERVICE PROCESSING CENTER

Date:  Jan 24  2001

                          _____
                                DAVID AYALA
                              Immigration Judge

                                                      XO

**U.S. Department of Justice**
**Executive Office for Immigration Review**

**Notice of INS Intent to**
**Appeal Custody Redetermination**

Date: 1-24-2001

Alien Number: 37 831 565

Alien Name: Rafael J. Gonzalez-Noyola

1.    The Immigration and Naturalization Service (INS) asserts that the respondent is subject to section 242(a)(2) of the Immigration and Nationality Act (INA) (as in effect prior to April 1, 1997), section 303(b)(3)(A) of Div. C of Public Law 104-208, or section 236(c)(1) of the INA.

2.    The INS:
    ☒ a. Held the respondent without bond.
    ☐ b. Set the respondent's bond at $ _____

3.    The Immigration Judge on _____1 - 24 - 2001_____ .
                               (Date)
    ☒ a. Authorized the respondent's release.
    ☐ b. Redetermined the INS bond to $ _____ .

4.    Filing this form on _____1-24- 2001_____ automatically stays the Immigration
                                (Date)
Judge's custody redetermination decision. See 8 C.F.R. §3.19(i)(2).

5.    The stay shall lapse upon failure of the INS to file a timely notice of appeal in accordance with 8 C.F.R. §3.38 or upon the INS's withdrawal of this notice.

_Thomas M Bernstein_

INS Counsel

_____

I, _Thomas M Bernstein_ served the Notice of INS Intent to Appeal Custody Redetermination on
   ( Name)

_Thelma O Garcia, ESQ._, on _1-24-2001_
(Respondent or Respondent's Representative )    (Date)

_Thomas B_

Signature

Form EOIR-43
6/98

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RAFAEL GONZALEZ-NOYOLA,          )
                                 )
v.                               )     C.A. No.
                                 )
E.M. TROMINSKI, INS DISTRICT     )
     DIRECTOR, and               )
JOHN ASHCROFT, UNITED STATES     )
     ATTORNEY GENERAL.           )
_____)

PETITIONER'S EXHIBITS, IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS,
APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND/OR MOTION FOR A PRELIMINARY INJUNCTION.

1.  Decision of the Board of Immigration Appeals, dated December 8, 2000, concluding that Petitioner had not been convicted of an aggravated felony, and remanding for a hearing on his application for cancellation of removal;

2.  Order of Immigration Judge David Ayala, granting cancellation of removal, and ordering that proceedings be terminated; and

3.  Order of Immigration Judge David Ayala that Petitioner be released on his own recognizance.

Respectfully Submitted,

*Lisa S. Brodyaga*

Lisa S. Brodyaga,              and       Thelma O. Garcia,
Attorney at Law                          Attorney at Law
17891 Landrum Park Road                  301 E. Madison
San Benito, TX 78586                     Harlingen, TX 78550
(956) 421-3226                           (956) 425-3701
Texas Bar:  03052800                     Texas Bar:
Fed. I.D. 1178                           Federal ID:

## CERTIFICATE OF SERVICE

I hereby certify that courtesy copies of the foregoing, and of the
accompanying exhibits, were personally delivered to the Office of
the United States Attorney, Attention Lisa Putnam, SAUSA, or Nancy
Masso, AUSA, 600 E. Harrison, Brownsville, Texas, this 16th day of
April, 2001.



**U.S. Department of Justice**

Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia  22041

File:   A37 831 565 - Huntsville

Date:   DEC - 8 2000

In re:  RAFAEL J. GONZALEZ-NOYOLA a.k.a. Rafael de Jesus Gonzales

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Lisa S. Brodyaga, Esquire

ON BEHALF OF SERVICE:   John W. McPhail
Assistant District Counsel

CHARGE:

Notice:   Sec.   237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
Convicted of controlled substance violation

APPLICATION:   Reconsideration

This case was last before the Board of Immigration Appeals on September 29, 2000, when we dismissed the respondent's appeal. The respondent filed a timely motion to reconsider that decision, asserting that he has not been convicted of an aggravated felony, and that he therefore is eligible to apply for cancellation of removal under section 240A(a) of the Immigration and Nationality Act. 8 U.S.C. § 1229b(a).  The respondent's motion to reconsider will be granted, his appeal will be sustained in part, and the record will be remanded.

A motion to reconsider asserts that at the time of the Board's previous decision an error was made. It questions the Board's decision for alleged errors in appraising the facts and the law. *Matter of Cerna*, 20 I&N Dec. 399, 400 (BIA 1991), aff'd, 979 F.2d 212 (11th Cir. 1992) (table case).  The respondent's motion to reconsider asserts that this Board erred in our earlier decision in finding that his two possession of controlled substances convictions constituted an aggravated felony rendering him ineligible for cancellation of removal.  We have previously held that an alien convicted of unlawful possession of a controlled substance, where the offense is committed after a prior drug possession conviction, is punishable under federal law at 18 U.S.C. § 844(a) by a term of imprisonment of up to 2 years, and is therefore an aggravated felony as defined in section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B). *Matter of Davis*, 20 I&N Dec. 536 (BIA 1992). Subsequently, we held that even where an alien is convicted of a second state-law misdemeanor unlawful possession of a controlled substance violation, where the offense is committed after a prior drug possession conviction, it constitutes an aggravated felony under section 101(a)(43)(B) of the Act because that alien's convictions are analogous to a federal felony under 18 U.S.C. § 844(a). *Matter of K-V-D-*, Interim Decision 3422 (BIA 1999); *Matter of L-G-*, 21 I&N Dec. 89 (BIA 1995).

A37 831 565

The respondent, in his motion to reconsider, argues that he has not been convicted of a aggravated felony because his later unlawful possession of a controlled substance conviction was not committed after a prior drug possession conviction.

The facts of the respondent's convictions are not in dispute. On November 17, 1997, the respondent was granted deferred adjudication under article 42.12, § 5 of the Texas Code of Criminal Procedure for the offense of possession of marijuana. Through that deferred adjudication, the respondent was placed on 5 years probation. On or about August 4, 1998, the respondent committed the offense of possession of a controlled substance, to wit: cocaine. Through the commission of that offense, the respondent violated the terms of his probation, and, on November 2, 1998, the State of Texas moved to adjudicate guilt and sentence the respondent for the earlier possession of marijuana offense. On February 24, 1999, the respondent was convicted of the August 1998 cocaine possession offense, and states that to the best of his knowledge and belief that at the same time his guilt was adjudicated for the earlier marijuana offense. Respondent's Brief at 2. The respondent argues in his motion that because of the deferred adjudication, his conviction for the first unlawful possession of a controlled substance offense did not occur until after he committed the possession of cocaine offense and therefore he has not been convicted of an aggravated felony.

In *Matter of Punu*, Interim Decision 3364 (BIA 1998), we held that a deferred adjudication under article 42.12, § 5 of the Texas Code of Criminal Procedure is a conviction for immigration purposes. In reaching that conclusion, we noted that Congress had specifically amended the Act, through section 322 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-628 ("IIRIRA"), to include a definition of the term "conviction" at section 101(a)(48)(A) of the Act, 8 U.S.C. § 1108(a)(48)(A).[1] Prior to the implementation of the IIRIRA and the inclusion of section 101(a)(48)(A) of the Act, we defined the term conviction for immigration purposes in *Matter of Ozkok*, 19 I&N Dec. 546 (BIA 1988), finding that a conviction exists where an alien has a formal judgment of guilt entered by a court, or, if adjudication of guilt has been withheld, where the following three-pronged test is met: (1) a judge or jury has found the alien guilty or he has entered a plea of nolo contendere or has admitted

---

[1] Section 101(a)(48)(A) of the Act provides as follows:

The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where–

(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

CMxPDF - www.texiu.com

A37 831 565

sufficient facts to warrant a finding of guilty;  (2) the judge has ordered some form of punishment, penalty, or restraint on the person's liberty to be imposed; and (3) a judgment or adjudication of guilty may be entered if the person violated terms of his probation or fails to comply with the requirements of the court's order, without availability of further proceedings regarding his guilt or innocence of the original charge.  In defining the term "conviction" at section 101(a)(48)(A) of the Act, Congress abolished the requirement that an adjudication be "final." *Matter of Punu, supra,* at 4.  In enacting section 101(a)(48)(A) of the Act, Congress broadened the definition of "conviction" for immigration law purposes for aliens who have admitted or been found to have committed crimes so as to make it easier to remove such criminal aliens regardless of specific procedures in States for deferred adjudications. *Id.* at 6 (*citing* H.R. Rep. No. 104-879 (1997), *available in* 1997 WL 9288 at *295).

While Congress removed the finality requirement for a conviction for immigration purposes at section 101(a)(48)(A) of the Act, the requirement of a final conviction was not removed from 21 U.S.C. § 844(a).  The statute at 21 U.S.C. § 844(a) provides, in pertinent part, that

> [i]t shall be unlawful for any person knowingly to possess a controlled substance . . . .  Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, . . . except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug, narcotic or chemical, offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years. . . .

As previously noted, we have held that an alien convicted of an unlawful possession of a controlled substance offense that was committed following his conviction for an earlier unlawful possession of a controlled substance violation is removable as an aggravated felon under section 101(a)(43)(B) of the Act because the later conviction is analogous to a federal law felony under 21 U.S.C. § 844(a). The respondent argues in his motion that pursuant to Texas law his deferred adjudication did not become a final conviction until after he committed the possession of cocaine offense and that therefore he would not be subject to the enhanced sentencing provisions of 21 U.S.C. § 844(a) and his subsequent conviction would not be analogous to a federal law felony.  We agree and will therefore grant the respondent's motion to reconsider.

In order for the enhanced penalty requirements of 21 U.S.C. § 844(a) to apply to a possession of controlled substance conviction, it is necessary for the later offense to have been committed after an earlier conviction is final.  That enhanced penalty provision is necessary for a conviction under 21 U.S.C. § 844(a) to be considered a felony.  Therefore, in order for the respondent's possession of cocaine conviction to be analogous to a federal law felony under 21 U.S.C. § 844(a), it had to have been committed after his previous conviction for possession of marijuana had become final. The United States Court of Appeals for the Fifth Circuit, the circuit in which this case arises, has

3

A37 831 565

found that a conviction becomes final, for purposes of imposing an enhanced sentence for drug offenses based on a prior final drug felony conviction, when it is no longer subject to examination on direct appeal. *United States v. Puig-Infante*, 19 F.3d 929, 947-48 (5th Cir. 1994). Under this definition of finality, a deferred adjudication would not be considered a final conviction because the applicable Texas statute provides that where a defendant has received a deferred adjudication and subsequently violates its terms, the State may move for the adjudication of guilt, following which "all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred." Tex. Crim. P. Code Ann. art. 42.12, § 5(b). The statutory scheme for deferred adjudications in Texas provides for appeal rights following the adjudication of guilt, therefore such a conviction would not be considered final under *United States v. Puig-Infante, supra*, until after that right to appeal has expired. The respondent committed the possession of cocaine offense on or about August 4, 1998, prior to the State of Texas moving to adjudicate his guilt for the possession of marijuana offense. It is clear that the respondent's conviction for possession of marijuana was not final under *United States v. Puig-Infante, supra*, at the time he committed the possession of cocaine offense. As the later offense was not committed subsequent to the respondent's conviction for possession of marijuana becoming final, it would not be subject to the enhanced sentencing provisions of 21 U.S.C. § 844(a) and it is therefore not analogous to a federal law felony under that statute. As the respondent's conviction is not analogous to a federal law felony, it does not constitute a drug trafficking aggravated felony under section 101(a)(43)(B) of the Act. *See Matter of K-V-D-, supra; Matter of L-G-, supra*.

The respondent asserts in his motion to reconsider that we erred in our previous decision in finding that he had been convicted of an aggravated felony and was therefore ineligible for cancellation of removal. For the foregoing reasons, we find that the respondent's arguments in his motion to reconsider are well founded, and therefore that motion to reconsider will be granted and our September 29, 2000, decision will be vacated. The respondent remains removable from the United States under section 237(a)(2)(B)(i) of the Act, 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a controlled substance violation. However, as he has not been convicted of an aggravated felony he is not statutorily barred from receiving cancellation of removal under section 240A(a) of the Act. The respondent's requests on appeal that we reverse the Immigration Judge's finding that he had been convicted of an aggravated felony and remand the record to the Immigration Judge to permit the respondent to apply for cancellation of removal will be sustained. As the respondent has not been convicted of an aggravated felony and is therefore not barred from receiving cancellation of removal, his appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings to permit the respondent to apply for cancellation of removal.

ORDER:     The respondent's motion to reconsider is granted, and our decision dated September 29, 2000, is vacated.

A37 831 565

FURTHER ORDER:   The respondent's appeal is sustained.

FURTHER ORDER:   The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

_____
FOR THE BOARD

CSitPDF - www.fastio.com

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision ⬤ne Board of Immigration Appeals

Falls Church, Virginia 22041

===========================================================================

File:   A37 831 565 - Huntsville                    Date:   October 31, 2000

In re:   RAFAEL GONZALEZ-NOYOLA

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:        Lisa S. Brodyaga, Esquire
                                Refugio Del Rio Grande
                                17891 Landrum Park Road
                                San Benito, Texas 78586

APPLICATION:    Stay of removal


     Counsel for the respondent has applied for a stay of removal pending consideration by the Board

of a motion to reconsider.  After consideration of all information, the Board has concluded that the

stay will be granted.


     ORDER:   The request for stay of removal is granted.


                              _____
                                  FOR THE BOARD

IMMIGRATION COURT
201 E   JACKSON STREET
HARLINGEN, TX  78550

In the Matter of

                                        Case No , A87-851-565

AB-GONZALEZ NOYOLA, RAFAEL J.
        Respondent                      IN REMOVAL PROCEEDINGS

                    ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jan 24, 2001.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.
[  ]  The respondent was ordered removed from the United States to
                                            or in the alternative to
[  ]  Respondent's application for voluntary departure was denied and
      respondent was ordered removed to
      alternative to
[  ]  Respondent's application for voluntary departure was granted until
      upon posting a bond in the amount of $ _____
      with an alternate order of removal to
[  ]  Respondent's application for asylum was ( )granted  ( )denied
      ( )withdrawn.
[  ]  Respondent's application for withholding of removal was ( )granted
      ( )denied  ( )withdrawn.
[X]  Respondent's application for cancellation of removal under section
      240A a) was ( X )granted ( )denied ( )withdrawn.
[  ]  Respondent's application for cancellation of removal was ( ) granted
      under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
      ( ) denied  ( ) withdrawn.  If granted, it was ordered that the
      respondent be issued all appropriate documents necessary to give
      effect to this order.
[  ]  Respondent's application for a waiver under section _____ of the INA was
      ( )granted ( )denied ( )withdrawn or ( )other.
[  ]  Respondent's application for adjustment of status under section _____
      of the INA was ( )granted ( )denied ( )withdrawn.  If granted it
      was ordered that respondent be issued all appropriate documents necessary
      to give effect to this order.
[  ]  Respondent's status was rescinded under section 246.
[  ]  Respondent is admitted to the United States as a _____ until _____.
[  ]  As a condition of admission, respondent is to post a $ _____ bond.
[  ]  Respondent knowingly filed a frivolous asylum application after proper
      notice.
[  ]  Respondent was advised of the limitation on discretionary relief for
      failure to appear as ordered in the Immigration Judge's oral decision.
[  ]  Proceedings were terminated.
[  ]  Other.
      Date:  Jan 24, 2001
      Appeal: Waived/Reserved    Appeal Due By: Feb 23, 2001

                                        DAVID AYALA
                                        Immigration Judge

GPI

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
HARLINGEN, TX

FILE: A37-931-569

IN THE MATTER OF

+S-GONZALEZ NOYOLA  RAFAEL J.

RESPONDENT

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE
WITH RESPECT TO CUSTODY

Request having been made for a change in the custody status of
respondent pursuant to 8 CFR 236.1(c), and full consideration
having been given to the representations of the Immigration and
Naturalization Service and the respondent, it is hereby

_____  ORDERED that the request for a change in custody status be
        denied.

_____  ORDERED that the request be granted and that respondent be:

        released from custody on his own recognizance

_____  released from custody under bond of $_____

_____  OTHER  _____

Copy of this decision has been served on the respondent and the
Service.

APPEAL:  waived -- reserved

LOS FRESNOS -- PORT ISABEL SERVICE PROCESSING CENTER

Date:  Jan 24  2001                   _____
                                      DAVID AYALA
                                       Immigration Judge

                                                               XS

**U.S. Department of Justice**
**Executive Office for Immigration Review**

**Notice of INS Intent to**
**Appeal Custody Redetermination**

Date: 1-24-2001

Alien Number: 37 831 565

Alien Name: Rafael J. Gonzalez-Noyola

1.    The Immigration and Naturalization Service (INS) asserts that the respondent is subject to section 242(a)(2) of the Immigration and Nationality Act (INA) (as in effect prior to April 1, 1997), section 303(b)(3)(A) of Div. C of Public Law 104-208, or section 236(c)(1) of the INA.

2.    The INS:

    ☒ a. Held the respondent without bond.

    ☐ b. Set the respondent's bond at $ _____.

3.    The Immigration Judge on ___1-24-2001___
                             (Date)

    ☒ a. Authorized the respondent's release.

    ☐ b. Redetermined the INS bond to $ _____.

4.    Filing this form on ___1-24-2001___ automatically stays the Immigration
                           (Date)
Judge's custody redetermination decision. See 8 C.F.R. §3.19(i)(2).

5.    The stay shall lapse upon failure of the INS to file a timely notice of appeal in accordance with 8 C.F.R. §3.38 or upon the INS's withdrawal of this notice.

_____
INS Counsel

_____

I, _Thomas M Bernstein_, served the Notice of INS Intent to Appeal Custody Redetermination on
   ( Name )

_Thelma O Garcia, ESQ._, on ___1-24-2001___
(Respondent or Respondent's Representative )    (Date)

_____
Signature

Form EOIR-43
6/98