UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 9 2001

Michael N. Milby
Clerk of Court

RAFAEL GONZALEZ-NOYOLA,          )
                                 )
v.                               )   C.A. No. B-01-058
                                 )
E.M. TROMINSKI, INS DISTRICT     )
    DIRECTOR, and                )
JOHN ASHCROFT, UNITED STATES     )
    ATTORNEY GENERAL.            )
_____)

NOTICE OF FILING OF ADDITIONAL EXHIBIT IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS,
APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND/OR MOTION FOR A PRELIMINARY INJUNCTION.

4. Unpublished Decision of the Board of Immigration Appeals in Oscar Marin-Hernandez, A36 096 211, demonstrating that there are other cases in which the BIA has concluded that a second controlled substance conviction is not necessarily an aggravated felony.

Respectfully Submitted,

/s/ S. Brodyaga

Lisa S. Brodyaga,              and     Thelma O. Garcia,
Attorney at Law                        Attorney at Law
17891 Landrum Park Road                301 E. Madison
San Benito, TX 78586                   Harlingen, TX 78550
(956) 421-3226                         (956) 425-3701
Texas Bar: 03052800                    Texas Bar:
Fed. I.D. 1178                         Federal ID:

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing and accompanying exhibit was mailed to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen Texas, this 17th day of April, 2001.

U.S. Department of Justice          MAR 4 1999        Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

---

File:  A36 096 211 - El Paso                    Date:   FEB 25 1999

In re: OSCAR MARVIN MARIN-HERNANDEZ

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Thomas J. Shea, Esquire
                         Catholic Legal Immigration Network, Inc.
                         1117 North Stanton, Suite 200
                         El Paso, Texas 79902

CHARGE:

  Notice   Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                 Convicted of aggravated felony

           Sec.  237(a)(2)(E)(i), I&N Act [8 U.S.C. § 1227(a)(2)(E)(i)] -
                 Convicted of crime of domestic violence, stalking, or child abuse,
                 neglect, or abandonment

  Lodged:  Sec.  237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
                 Convicted of controlled substance violation

APPLICATION:  Cancellation of removal

ORDER:

PER CURIAM. In a decision dated November 23, 1998, an Immigration Judge found the respondent deportable pursuant to section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i), but not deportable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii). The Immigration Judge determined that the respondent is eligible to apply for cancellation of removal pursuant to section 240A(a) of the Act, 8 U.S.C. § 1229b(a). The Immigration Judge certified the case to the Board. 8 C.F.R. § 3.7. We take this case upon certification. 8 C.F.R. § 3.1(c). We note, however, that the Immigration Judge should not have in effect certified an interlocutory ruling to the Board. The record will be remanded for further proceedings.

The respondent, a native and citizen of El Salvador, entered the United States on September 26, 1978, as an immigrant. The respondent was convicted on October 11, 1985, for a misdemeanor possession of marijuana, and sentenced to 45 days imprisonment. On November 22, 1994, he was convicted in the State of Texas for the offense of a misdemeanor

A36 096 211

possession of marijuana, and was sentenced to 30 days imprisonment (Exh. 4B). The Immigration and Naturalization Service issued a Notice to Appear (Form I-862), and charged that the respondent was deportable pursuant to sections 237(a)(2)(A)(iii) and (B)(i) of the Act, as an alien convicted of an aggravated felony and controlled substance violation (Exh. 1).

We agree with the Immigration Judge that the respondent was deportable only under section 237(a)(2)(B)(i) of the Act. In addition, we find that the Immigration Judge correctly determined that United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997) (finding that a Texas felony conviction for possession of marijuana is an "aggravated felony" under Sentencing Guidelines provisions), involves the term aggravated felony as used in section 2L1.2(b)(2) of the Sentencing Guidelines and not the Act. Since the Fifth Circuit has not issued a decision rejecting our interpretation of section 101(a)(43)(B) of the Act, as articulated in Matter of L-G-, Interim Decision 3254 (BIA 1995), the Immigration Judge properly followed the two-pronged test set forth in Matter of Davis, 20 I&N Dec. 536 (BIA 1992) and Matter of Barrett, 20 I&N Dec. 171 (BIA 1990), and declined to follow precedent that interprets the Texas Sentencing Guidelines and not the Act.

We agree with the Immigration Judge that under the first prong of the Davis/Barrett test, the respondent's misdemeanor convictions for possession of marijuana are not drug-related offenses amounting to "illicit trafficking." Matter of Davis, supra. In addition, the Immigration Judge properly determined that the second prong of the Davis/Barrett test has not been satisfied as the respondent's state drug offenses do not qualify as "drug trafficking crime[s]" under 18 U.S.C. § 924(c)(2), as they are not punishable as felonies under the Controlled Substance Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.). See Matter of L-G-, supra; Matter of Davis, supra; Matter of Barrett, supra. Therefore, the respondent's state drug offense convictions are not aggravated felonies within the meaning of section 101(a)(43)(B) of the Act and he is not deportable under section 237(a)(2)(A)(iii) of the Act. The Immigration Judge properly determined that the respondent was deportable only under section 237(a)(2)(B)(i) of the Act and, therefore, eligible for cancellation of removal under section 240A(a) of the Act. See Matter of L-G-, supra; Matter of Davis, supra; Matter of Barrett, supra. Accordingly, the record will be remanded to the Immigration Judge to allow the respondent to apply for cancellation of removal pursuant to section 240A(a) of the Act.

_____
FOR THE BOARD

2