9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
RECEIVED

MAY 07 2001

Michael N. Milby, Clerk of Court

| | |
|---|---|
| RAFAEL GONZALEZ-NOYOLA, )<br>Petitioner, )<br>)<br>v. )<br>)<br>E.M. TROMINSKI, INS )<br>DISTRICT DIRECTOR, et al. )<br>Respondents. )<br>_____) | Civil Action No. B-01-058 |

### RESPONDENTS' ANSWER AND MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS, APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR MOTION FOR PRELIMINARY INJUNCTION

COME NOW, Respondents, by and through Mervyn M. Mosbacker, United States Attorney for the Southern District of Texas, and hereby files this Answer and Motion to Dismiss the Petition for Writ of Habeas Corpus, Application for Temporary Restraining Order and/or Motion for Preliminary Injunction.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

Petitioner, Rafael Gonzalez-Noyola , is a male, native and citizen of Mexico, who entered the United States as a legal permanent resident on November 6, 1982. On November 17, 1997, the Petitioner was convicted in the 49th Judicial District of Webb County, Texas, of the offense of possession of marijuana (between 5 and 50 pounds), was granted deferred adjudication and

1

placed on 5 years probation. On February 24, 1999, the Petitioner was convicted in the 182nd District Court of Harris County, Texas, of the offense of possession of a controlled substance (cocaine) and was sentenced to 8 years confinement. This offense was committed on or about August 4, 1998. Once Petitioner was released from his criminal confinement, he was transferred into the Immigration and Naturalization Service's ("Service") custody, where remains.

Petitioner's removal proceedings were commenced while he was in state custody. The Service's charging document, the Notice to Appear, only alleged the 1999 conviction and charged the Petitioner as removable for having been convicted of a controlled substance violation pursuant to 8 U.S.C. §1227 (a)(2)(B)(i). After an Immigration Judge determined that the Petitioner was removable as charged, he then questioned the Petitioner to determine what, if any, relief he may be eligible. During that questioning, the 1997 conviction was revealed and the Immigration Judge determined the Petitioner was not eligible for relief from removal because he had been convicted of an aggravated felony. The Immigration Judge ordered the Petitioner removed to Mexico.

The Petitioner appealed the Immigration Judge's decision. The Board of Immigration Appeals ("Board") dismissed the Petitioner's appeal. However, the Petitioner moved the Board to reconsider its decision and, on December 8, 2000, the Board remanded the matter to the Immigration Court. The Board determined that the Petitioner had not been convicted of an aggravated felony and that he was eligible to apply for relief.

On remand, the Service lodged an additional allegation for the 1997 conviction and an additional charge for having been convicted of an aggravated felony pursuant to 8 U.S.C. §1227 (a)(2)(A)(iii). Nonetheless, the Immigration Judge found the Petitioner was eligible for relief

2

and granted his application. The Service reserved its right to appeal that decision and has filed its Notice of Appeal with the Board.

Subsequent to the relief hearing, the Petitioner moved for a bond redetermination. The Immigration Judge decided the Petitioner should be released on his own recognizance. The Service reserved its right to appeal the bond redetermination. The Service is abiding by the regulatory process and has employed the automatic stay of the Immigration Judge's bond decision. The Service simultaneously filed its Notice of Appeal and brief in support of the appeal on February 1, 2001. The Petitioner's response brief is due on April 26, 2001.

## ARGUMENT

### THE PETITIONER SHOULD REMAIN IN SERVICE CUSTODY UNTIL THERE IS A FINAL ORDER IN HIS CASE

The Act provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained <u>pending a decision on whether the alien is to be removed from the United States.</u>" 8 U.S.C. §1226(a) (emphasis added). The Act goes on to provide for the detention and release of certain aliens. The Act further provides for the mandatory detention of specified aliens. "The Attorney General <u>shall</u> take into custody any alien who ... is deportable by reason of having committed an offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) [8 U.S.C. §§1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)] ... when the alien is released ... ." 8 U.S.C. §1226(c)(1)(B) (emphasis added). The Petitioner has been charged as removable pursuant to 8 U.S.C. §§1227(a)(2)(B) and (A)(iii).

3

The Petitioner has conceded that he is removable, and the Immigration Judge found him to be removable, for having been convicted of a violation of a law relating to a controlled substance [8 U.S.C. §1227(a)(2)(B)] based on the 1999 cocaine possession conviction. Clearly, based on these facts, the Petitioner is subject to the mandatory detention provisions of the Act, as set out above. The Petitioner's right to remain in the United States has not been finally adjudicated because the Service has reserved its right to appeal the Immigration Judge's grant of the Petitioner's relief application. Since a final decision on whether the Petitioner should be removed from the United States is pending, his continued detention is required by the provisions of the Act.

The Petitioner is also subject to the mandatory detention provisions of the Act because he has been convicted of an aggravated felony [8 U.S.C. §1227(a)(2)(A)(iii)]. The Service believes that the Petitioner has been convicted of an aggravated felony [8 U.S.C. §1227(a)(2)(A)(iii)] based on the two possession convictions, is removable on that charge, and, consequently, ineligible for the relief granted by the Immigration Judge, even in light of the Board's December 8, 2000, ruling. The Petitioner's argument before the Board was that his 1997 deferred adjudication could not be considered a "prior conviction" for the penalty enhancement provisions of 21 U.S.C. §844(a) because that conviction was not final and, therefore, at the time of his 1999 conviction, he did not have two convictions for simple possession sufficient to enhance the penalty, thereby making it an aggravated felony. However, the Board failed to discover, and the parties failed to reveal, a precedent Fifth Circuit Court of Appeals decision which held that a guilty plea that resulted in a deferred adjudication for a felony drug offense in Texas is a "prior conviction" for purposes of sentence enhancement. See U.S. v. Cisneros, 112 F.3d 1272, 1280 (5th Cir. 1997).

4

The Service has taken the position that the Board's December 8, 2000, decision did not adequately address the issue of whether the Petitioner has been convicted of an aggravated felony since precedent Fifth Circuit law was not addressed in its decision. Consequently, the Service believes that the Petitioner is also subject to mandatory detention because he has been convicted of an aggravated felony and is removable on that ground.

This petition is an attempt to circumvent the appellate process regarding mandatory detention. The Petitioner's recourse is the appellate process and such process has not been exhausted. It should be noted that appeals of detained cases are handled by the Department of Justice (specifically the Board) on an expedited basis.

For the reasons stated above, this Court should dismiss this petition for writ of habeas corpus and deny the application for a temporary restraining order and/or motion for preliminary injunction.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General
Civil Division

MERVYN M. MOSBACKER
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney/Attorney in Charge
Georgia Bar No. 590315/Federal Bar No. 23937
P.O. Box 1711
Harlingen, Texas 78551

Date: May 7, 2001              Tel: (956) 389-7051/Fax: (956) 389-7057

5

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on counsel at the following address, by depositing a copy of it in the United States mail, first class postage prepaid, to:

Lisa S. Brodyaga, Esquire
Refugio Del Rio Grande
17891 Landrum Park Rd.
San Benito, TX 78586

on this the 7th day of _____May_____, 2001.

Lisa M. Putnam
Special Assistant U.S. Attorney