```
             UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                   BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
FILED

MAY 0 7 2001

Michael N. Milby
Clerk of Court

```
RAFAEL GONZALEZ-NOYOLA            )
                                  )
v.                                )    C.A. No. B-01-058
                                  )
E.M. TROMINSKI, and               )
JOHN ASHCROFT.                    )
_____)
```

PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION TO DISMISS

Comes Petitioner, through the undersigned, and respectfully files the instant opposition to Respondents' Motion to Dismiss, and in further support of his petition for a writ of habeas corpus, his application for a temporary restraining order, and his motion for a preliminary injunction.

I. RESPONDENTS' POSITION

In their Motion To Dismiss, Respondents rely primarily on two factors. First, they claim that, in granting Mr. Gonzalez' prior appeal, the BIA incorrectly held that he had not been convicted of an aggravated felony, and was therefore eligible for relief from deportation. Second, they appear to argue that Petitioner has not exhausted his administrative remedies, in that INS' appeal of the orders of the Immigration Judge, granting relief, and releasing him on recognizance is ongoing before the BIA. Before addressing these two points, it is important to note what Respondents do **not** urge.

First, Respondents make no attempt to counter Petitioner's argument that §1226(c) is unconstitutional **as applied to lawful permanent residents**, ("LPRs"), and most particularly, as applied to LPRs to whom Immigration Judges have granted relief from deportation.

Nor do Respondents explain or otherwise rebut Petitioner's argument that the fact that some INS offices consider that they have the discretion to release, and have released, similarly situated LPRs, gives rise to an Equal Protection violation. And finally, Respondents do not assert that their action in filing for a mandatory stay of the Order of the Immigration Judge releasing Petitioner was anything but a discretionary act. Petitioner is not currently being held simply because of 8 U.S.C. §1226(c). He is being detained because INS exercised its discretionary power to stay the order of the Immigration Judge, while they pursue an appeal to the BIA, in which appeal, it should be noted, the BIA cannot address the constitutional arguments raised herein. [1]

## II. NEW ISSUES PRESENTED BY RESPONDENTS' MOTION

A. THE CASE ON WHICH RESPONDENTS RELY FOR THE PROPOSITION THAT PETITIONER HAS BEEN CONVICTED OF AN AGGRAVATED FELONY IS NOT ON POINT, BECAUSE DEFERRED ADJUDICATION HAD EXPIRED THEREIN, AND THE CONVICTION HAD CONSEQUENTLY BECOME "FINAL" FOR PURPOSES OF §844(a).

B. PETITIONER HAS NO ADMINISTRATIVE REMEDIES TO EXHAUST REGARDING HIS CLAIM THAT 8 U.S.C. §1226(c) IS UNCONSTITUTIONAL AS APPLIED TO HIM INSOFAR AS IT IS INS' APPEAL, NOT HIS, THAT IS PENDING, AND THE BIA MAY NOT EXAMINE THE CONSTITUTIONALITY OF THE IMMIGRATION ACT.

## III. ARGUMENT

A. THE CASE ON WHICH RESPONDENTS RELY FOR THE PROPOSITION THAT PETITIONER HAS BEEN CONVICTED OF AN AGGRAVATED FELONY IS NOT ON POINT, BECAUSE DEFERRED ADJUDICATION HAD EXPIRED THEREIN, AND THE CONVICTION HAD CONSEQUENTLY BECOME "FINAL" FOR PURPOSES OF §844(a).

Respondents first challenge the BIA's conclusion that Mr. Gonzalez has not been convicted of an aggravated felony. This challenge is

---

[1] *See, e.g., Matter of Ruiz-Massieu*, I.D. 3400 (BIA 1999) (The BIA cannot rule on the constitutionality of the Immigration and Nationality Act).

2

based on their contention that, under *U.S. v. Cisneros,* a grant of deferred adjudication is a "final" conviction for purposes of 21 U.S.C. §844(a). This argument misses the whole point of Mr. Gonzalez' position, and of the conclusion of the BIA.

First, 21 U.S.C. §844(a) allows simple possession of a controlled substance (other than crack cocaine), to be prosecuted as a felony only where the defendant **"commits such offense after a prior conviction [drug]. . . has become final**." 21 U.S.C. §844(a). This requirement has been construed as meaning that the prior conviction must "no longer be subject to examination on direct appeal." *United States v. Puig-Infante,* 19 F3d 929, 947 (5th Cir. 1994). Respondents do not challenge this principle.

Second, Mr. Gonzalez had not **completed** his term of probation under deferred adjudication, and had not been discharged, when the second offense was committed. Therefore, he argued, and the BIA found, that, under *Martinez-Montoya v. INS,* 904 F.2d 1018,1026 (5th Cir. 1990), his conviction was not "final." His right of direct appeal arose only when his probation was violated, *after,* and as a result of, the second offense. As held in *Martinez-Montoya, supra*:

> Under this overwhelming authority, and consistent with the Ozkok decision, we conclude that, unless Martinez-Montoya has waived or exhausted his right to direct appeals, or the appeals period has lapsed, he cannot be considered convicted for immigration purposes. The Texas law is explicit: Martinez-Montoya still possesses full rights to appeal a conviction after the court enters it. Tex Code Crim.P. art. 42.12, Sec. 3d(b). See e.g., McLennan v. State, supra  [FN4].
>
> FN4. In Ozkok, the BIA concluded that the finality requirement had been satisfied because of the requirement in the Maryland deferred adjudication procedure that the alien first must waive all rights to appeal from any subsequent entry of judgment.

3

> The LAU argues that Martinez-Montoya has in fact waived or lost his rights to direct appeal because he did not appeal the original order of deferred adjudication within the 30-day period provided in the deferred adjudication statute. The contention is patently wrong. Under the Texas deferred adjudication statute, the defendant retains all rights to direct appeal from the original plea proceedings in the event the state later proceeds to adjudication. See Texas Code Crim.Proc., Art. 42.12, § 3d(b); David v. State, 704 S.W.2d 766 (Tex.Crim.App. 1985) (en banc).

Since he had not yet completed his probationary term under the grant of deferred adjudication, Petitioner's appeal rights on the prior marijuana case had not even arisen -- much less terminated -- until the adjudication of guilt, which occurred *after* the second offense was committed. Therefore, under the plain language of §844(a), he could NOT have received the enhanced felony punishment and cannot be considered convicted of a "drug trafficking crime."

Petitioner acknowledges that a "deferred adjudication" is now considered a "conviction" and that "finality" of the conviction is no longer required for deportation purposes. *Moosa v. INS*, 171 F3d 994 (5th Cir. 1999). He maintains, and the BIA concurred, however, that this is irrelevant. That deferred adjudication for possession of marijuana may have been a "conviction" for immigration purposes has no bearing on whether it meets the express, statutory requirement of finality for federal criminal sentencing purposes. 21 U.S.C. §844(a). It clearly does not. *Martinez-Montoya, supra*. Nor, as a matter of law, could it have been used it to enhance his subsequent sentence to a felony. *U.S. v. Puig-Infante, supra*.

Neither *Martinez-Montoya*, nor *Puig-Infante*, was implicated by the decision of the Fifth Circuit in *U.S. v. Cisneros, supra*. For this reason, that case was not cited by the parties, or the BIA, herein.

4

In *Cisneros,* the defendant had successfully completed his deferred adjudication. Therefore, his appeal rights were extinguished: there was nothing to appeal. Indeed, the question was formulated as whether there was a **conviction,** not whether that conviction was **final**. As discussed therein, *id*. at 1280-81 (emphasis added):

> [Cisneros] now argues that the district court erred in determining that his prior state deferred adjudication was a "prior conviction" for the purposes of 21 U.S.C. § 841(b)(1)(A). In the court below, **Juan Cisneros argued that because he had successfully completed his two-year deferred adjudication probation, it was an excludable drug offense** and could not be used to enhance his punishment to a mandatory life sentence under § 841(b)(1)(A). The district court disagreed, ruling that this Court's decision in United States v. Giraldo-Lara, 919 F.2d 19 (5th Cir. 1990), precluded it from finding that the previous deferred adjudication was not a prior conviction.

*See also, Hernandez-Rodriguez v. Pasquarell,* 118 F.3d 1034, 1037 (5th Cir. 1997) (emphasis added):

> In an opinion issued April 29, 1988, the Board affirmed the Immigration Judge's decision. The Board, as had the Immigration Judge, noted the Petitioner's "unusual or outstanding equities," but concluded that, given the seriousness of Petitioner's drug trafficking conviction, he had failed to demonstrate rehabilitation. In this regard, the Board found significant the Petitioner's involvement in 1985 in marihuana-related activity. [FN2]
>
> FN2. As the district court correctly observed, the Board did not treat the Petitioner's 1985 guilty plea as a "conviction," but rather as evidence that he had failed to rehabilitate himself. The district court, citing Martinez-Montoya v. INS, 904 F.2d 1018 (5th Cir.1990), cautioned that Petitioner's 1985 guilty plea pursuant to a deferred adjudication procedure utilized by the Texas state court was not a " 'conviction' for the purposes of immigration law." This Court has indicated that a conviction by guilty plea pursuant to the Texas deferred

5

adjudication procedure can carry consequences under immigration law only if the three-prong Ozkok standard is met. See Wilson v. INS, 43 F.3d 211, 215 (5th Cir.) (discussing application of Matter of Ozkok, Int. Dec. 3044 (B.I.A. Apr. 26, 1988), and noting that "Ozkok's rule applying a federal 'conviction' standard rather than a state standard is reasonable and is consistent with congressional intent and the relevant case law"), cert. denied, 516 U.S. 811, 116 S.Ct. 59, 133 L.Ed.2d 23 (1995); **Martinez-Montoya at 1024-26 (holding that conviction under Texas deferred adjudication procedure was not final because** further adjudication was available and **time for appeal had not expired**). In any event, the Board used Petitioner's drug-related activity solely as evidence of a lack of rehabilitation, and neither party seeks to raise any issue in regard to the Board's use of Petitioner's 1985 guilty plea.

Furthermore, the ultimate question of whether or not Petitioner has been convicted of an aggravated felony is not at issue herein. That is for the BIA to determine in the first instance, and the Board has already ruled in his favor. The issue before this Court is whether Petitioner's rights to Due Process and Equal Protection are being violated by his current incarceration, without bond, while INS attempts to persuade the BIA that it erred in concluding that he had not been convicted of an aggravated felony, and was eligible for the relief which the Immigration Judge subsequently granted.

**B. PETITIONER HAS NO ADMINISTRATIVE REMEDIES TO EXHAUST REGARDING HIS CLAIM THAT 8 U.S.C. §1226(c) IS UNCONSTITUTIONAL AS APPLIED TO HIM INSOFAR AS IT IS INS' APPEAL, NOT HIS, THAT IS PENDING, AND THE BIA MAY NOT EXAMINE THE CONSTITUTIONALITY OF THE IMMIGRATION ACT.**

Although not exactly formulated as such, Respondents also appear to argue that Mr. Gonzalez has not exhausted his administrative remedies with respect to his claim that he is being incarcerated in violation of the United States Constitution. However, these are issues which the BIA cannot address, and therefore do not fall

6

under the doctrine of exhaustion of remedies. [2]

It is therefore respectfully submitted that Petitioner has demonstrated entitlement to preliminary relief, and he urges that a Preliminary Injunction issue, requiring Respondents to comply with the Order of Immigration Judge David Ayala that he be released on recognizance, pending INS' appeal of the Judge's Order granting cancellation of removal, and terminating removal proceedings.

Respectfully Submitted,

*[signature]*

Lisa S. Brodyaga,                            and        Thelma O. Garcia,
17891 Landrum Park Road                                 301 E. Madison
San Benito, TX 78586                                    Harlingen, Texas 78550
(956) 421-3226                                          (956) 425-3701
Texas Bar: 03052800
Fed. I.D. 1178


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first-class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, Texas, 78551, this 7th day of May, 2001. [3]

*[signature]*

---

[2]  See, e.g., Matter of Ruiz-Massieu, supra; and Ramirez-Osorio v. INS, 745 F.2d 937,939 (5th Cir. 1984) ("Of course, exhaustion is not required when administrative remedies are inadequate.").

[3]  Reciprocating the consideration afforded by Respondents' counsel, who faxed counsel for Petitioner a copy of their Answer and Motion to Dismiss on Friday, May 4, 2001, even before it was filed, a copy of the foregoing was also faxed to Lisa Putnam, Esq., counsel for Respondents on Sunday, May 6, 2001.

7