UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 9 2001

Michael N. Milby
Clerk of Court

RAFAEL GONZALEZ-NOYOLA )
)
v. ) C.A. No. B-01-058
)
E.M. TROMINSKI, and )
JOHN ASHCROFT. )
_____ )

**PETITIONER'S REPLY TO RESPONDENTS' NOTICE TO THE COURT
OF AN ALLEGEDLY "PERSUASIVE" DECISION**

Comes Petitioner, through the undersigned, and respectfully files the instant Reply to Respondents' Notice to the Court of an (allegedly) Persuasive Decision, (hereinafter referred to as Respondents' "Notice" and cited, by page, as (NOT:__)).

I. *KWON v. COMFORT*, 2001 WL 629660
FALLS IN THE CATEGORY OF CASES WHEREIN THE PETITIONER
IS CLEARLY AN AGGRAVATED FELON, TO WHOM NO RELIEF IS
AVAILABLE, AND DOES NOT ADDRESS THE ISSUES PRESENTED HEREIN

In their Notice, (NOT:1), Respondents (correctly) note that the facts in the cited case "are distinguishable," but nonetheless offer the case as allegedly "persuasive" authority on the issues presented herein. Interestingly, *Kwon* cites *Richardson v. Reno,* 162 F.3d 1338, 1364, fn. 119 (11th Cir. 1998), *vacated,* 119 S.Ct. 2016 (1999), *reaffirmed on remand,* 180 F.3d 1311 (11th Cir. 1999), for the proposition that "Congress acts well within its plenary power in mandating detention of a criminal alien with an aggravated felony conviction facing removal proceedings. Slip Opinion at 2.

Interestingly, this is the same case that Petitioner cited to counter Respondents' prior assertion that Petitioner has no "liberty interest," and therefore no Due Process rights, in bond procedures. *Richardson* held that lawful permanent residents have

a "weighty" liberty interest in procedures for adjudicating bond requests, 162 F.3d at 1363, but concluded that the District Court did not have habeas jurisdiction to hear that complaint. Respondents have not made that assertion herein.

## II. AT BEST, *KWON* UNDERSCORES THE FACT THAT GONZALEZ HAS PRESENTED A "SUBSTANTIAL CASE ON THE MERITS" OF A "SERIOUS" LEGAL QUESTION, WHICH WILL REQUIRE FURTHER CONSIDERATION, AND THEREFORE, MAKE THE GRANT OF PRELIMINARY RELIEF EVEN MORE NECESSARY.

Because of time constraints,[1] the undersigned is unable at this moment to prepare a full response to Respondents' new argument. It should be noted, however, that the Court is not required, at this time, to make a final determination of the merits. Rather, what is before the Court is a motion for preliminary relief. If anything, the instant pleading strengthens Petitioner's case for such preliminary relief, by pointing out the need for further briefing, and more lengthy consideration, of the issue before the Court. It must not be forgotten that Respondents only began to prepare and file serious pleadings in their opposition to the Magistrate Judge's Report and Recommendation. In fact, at the hearing on the motion for preliminary relief, Respondents claimed that they had NO RESPONSE at all to Petitioner's constitutional arguments.

Respondents cannot claim that the issues presented herein caught them by surprise, and that this is the reason they did not make serious arguments until now. The question has been litigated all over the country for several years. That they waited until now to make such arguments, thereby delaying the final resolution of the

---

[1] Counsel leaves tomorrow for oral argument at the BIA, and to present a paper at the annual AILA conference. In response to pleadings by Respondents received together with the instant Notice, she was also required to file emergency motions in a dozen habeas cases. Thus, she has only had a very brief period to prepare the instant response, but will do so more fully upon her return.

2

issue, should not be the cause of further delay in the release of Petitioner, or the reason he ultimately gives up his battle, and seeks deportation.[2] Petitioner does not urge this Court to make a hasty decision on such fundamental issues. He does, however, urge that the Court grant preliminary relief.

The instant case clearly presents a "serious" legal question, and Petitioner has a "substantial case on the merits," within the meaning of *Ruiz v. Estelle,* 650 F.2d 555,565 (5th Cir.1981). The vast majority of the federal courts which have addressed it have ruled in favor of the immigrant. INS has not contested any other requirement for preliminary relief. Thus, Petitioner is entitled to preliminary relief, as recommended by the Magistrate Judge.

It is therefore respectfully urged that a Preliminary Injunction issue forthwith, requiring Respondents to comply with the Order of Immigration Judge David Ayala that he be immediately released on recognizance, pending INS' appeal of the Judge's Order granting cancellation of removal, and terminating removal proceedings.

Respectfully Submitted,

*/s/ Lisa S. Brodyaga*

Lisa S. Brodyaga,            and    Thelma O. Garcia,
17891 Landrum Park Road             301 E. Madison
San Benito, TX 78586                Harlingen, Texas 78550
(956) 421-3226                      (956) 425-3701
Texas Bar: 03052800
Fed. I.D. 1178

---

[2] This is consistent with the fact that Respondents did not make any serious arguments on the merits to the BIA on the question of whether Mr. Gonzalez has been convicted of an aggravated felony, but waiting until the case had been returned to the Immigration Judge to do so. Such tactics only delay the ultimate resolution of the case, and Mr. Gonzalez should not be required to "pay" for Respondents' lack of diligence, with indefinite detention.

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was personally delivered to the office of Lisa Putnam, SAUSA, 1709 Zoy St., Harlingen, Texas, this 19th day of June, 2001.



4